**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| DE JURE CITIZEN OF THE ) <br> UNITED STATES LARRY HILL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE M. MCFADDIN, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 3:06-3165-MJP-BM <br><br> **REPORT AND RECOMMENDATION** |

This action was originally filed by the pro se Plaintiff in the South Carolina Court of Common Pleas, Third Judicial District. The case was subsequently removed to this Court by the Defendant on the basis of federal question jurisdiction, who simultaneously filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the grounds of absolute judicial immunity from suit.[1]

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 17, 2006, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. However, notwithstanding the specific instructions and warning as set forth in the Court's Roseboro order,

---

[1] The Defendant is a South Carolina family court judge.

1



Plaintiff failed to ever file any response to the Defendant's motion to dismiss,[2] which is now before the Court for disposition.[3]

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." <u>Southmark Prime Plus L.P. v. Falzone</u>, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). As the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, <u>Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center</u>, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Here, it is clear from a plain reading of the Plaintiff's complaint that this action is

---

[2]Plaintiff did apparently serve counsel for the Defendant with a document styled "motion to strike notice of removal", which the Defendant construed as a motion to remand this case to State court. See <u>Defendant's Memorandum filed November 20, 2006 (Court Docket No. 8)</u>. However, Plaintiff never filed any such document with the Court.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



based on the Defendant's rulings in a case in the South Carolina Family Court in which Plaintiff was the Defendant. See generally, Pro Se Complaint with Attachments.  Although the jurisdictional basis for his claim is not entirely clear, Defendant correctly notes that Plaintiff cites, inter alia, the "Constitution of the United States" as one of the jurisdictional bases for his claim.[4]  However, Defendant also correctly notes in his motion to dismiss that, as a judicial officer acting in that capacity while presiding over Plaintiff's family court case, he is entitled to absolute judicial immunity with respect to his judicial acts.  See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) [a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]. See also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchel v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]; McEachern v. Black, 496 S.E.2d 659 (S.C.Ct.App. 1998).  Immunity is not lost even if an action is taken in error, done maliciously, or exceeded the judge's authority. Sparkman, 435 U.S. at 355-356; see also King v. Myers, 973 F.2d 354, 356-358 (4th Cir. 1992) [judge entitled to absolute immunity even if statutory grant of authority exceeded, when conduct was "judicial act".]   Therefore, the Defendant McFaddin is entitled to dismissal of this case.

---

[4]A claim by the Plaintiff asserting a violation of his constitutional rights by the Defendant McFaddin could be pursued in this Court pursuant to 42 U.S.C. § 1983, which is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrents fails. See McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996).

3



**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 27, 2007



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5

