**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Larry Hill, | ) | |
| | ) | Civil Action No.:3:06-3165-MJP |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| George M. McFadden | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. This matter was originally filed by the Plaintiff Larry Hill ("Plaintiff"), *pro se*, in the South Carolina Court of Common Pleas against Defendant George M. McFaddin ("Defendant"), a South Carolina family court judge. The case was subsequently removed to this Court by the Defendant on the basis of federal question jurisdiction. The Defendant simultaneously filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the grounds of absolute judicial immunity.

This action has been brought by the Plaintiff *pro se*. This Court is required to construe such *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.E.2d. 652 (1972). *Pro se* Pleadings are held to a lower standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

A plain reading of the Plaintiff's Complaint demonstrates Plaintiff's dissatisfaction with the results of a previous divorce action in which the Defendant was the presiding Judge, and the current Plaintiff was the defendant. As the Plaintiff expressly states at the outset of his

Complaint, his intention was to express his "concern over the demonstrated lack of temperament and ability to perform judicial functions in an even handed manner by Family Court Judge, George M. McFaddin." Plaintiff further alleges that Defendants actions violated Plaintiff's rights to "due process and fundamental fairness," and amount to malicious prosecution. see Pro Se Compl., pg.1.

The applicable standard of review for this Court is clear.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  Matthews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

In this matter, the Magistrate Judge recommends that the Defendant's motion to dismiss be granted, because the Defendant in this matter is entitled to absolute judicial immunity with respect to his judicial acts.  *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Chu v. Griffith, 771 F.2d. 79, 81 (4th Cir. 1985)["It has been long settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."].

In response to the Magistrate Judge's recommendation, the Plaintiff filed an objection, stating that the Defendant's acts were personal in nature instead of judicial.  Since it is clear that the Defendant in this matter was acting in his judicial capacity at the time he was presiding over the Plaintiff's divorce action, the Plaintiff's objections are without merit.

In conclusion, after reviewing the entirety of this case, including the Report and Recommendation, this Court approves the recommendations of the Magistrate Judge.  The Defendant's motion to dismiss is **granted**, and the case against the Defendant is **dismissed**.
**IT IS SO ORDERED**.

	**SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**

**September  5 , 2007**